# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Lawrence D. Fromelius**, | Bankruptcy No. 15-22373 |
| Debtor. | Honorable Donald R. Cassling |

## NOTICE OF MOTION

**Please take notice** that, on **August 8, 2017, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Donald R. Cassling, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 619 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, to present the attached **Debtor's Motion to Sell Real Estate at 1207 Lisle Place, Lisle, Illinois**, a copy of which is included herewith and served upon you, at which time and place you may appear.

Dated: July 18, 2017

**Lawrence D. Fromelius**

By: /s/ Jeffrey K. Paulsen
One of His Attorneys

William J. Factor (6205675)
Jeffrey K. Paulsen (6300528)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:   (312) 878-4830
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
       jpaulsen@wfactorlaw.com

{00095447}

## CERTIFICATE OF SERVICE

    I, Jeffrey K. Paulsen, an attorney, hereby certify that on July 18, 2017, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List.

                                                  /s/ Jeffrey K. Paulsen

## SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| Abraham Brustein, ESQ | abrustein@dimonteandlizak.com, jjarke@dimontelaw.com |
| William J. Factor | wfactor@wfactorlaw.com, wfactorlaw@gmail.com, bharlow@wfactorlaw.com, wfactor@ecf.inforuptcy.com, wfactormyecfmail@gmail.com |
| Sarah Fowler | sarah.fowler@icemiller.com, Kathy.Chulchian@icemiller.com |
| Ariane Holtschlag | aholtschlag@wfactorlaw.com, bharlow@wfactorlaw.com, gsullivan@ecf.inforuptcy.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Jeffrey K. Paulsen | jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com, jpaulsen@ecf.inforuptcy.com |
| Victoria E. Powers | victoria.powers@icemiller.com, Deborah.Wolf@icemiller.com |
| Julia Jensen Smolka | jjensen@dimonteandlizak.com, dlathom@dimontelaw.com |
| Christopher B. Wick | cwick@hahnlaw.com, hlpcr@hahnlaw.com |

**Other Parties in Interest**
(Service via U.S. Mail)

| | |
|---|---|
| Department of the Treasury<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Internal Revenue Service<br>Mail Stop 5014CHI<br>230 S. Dearborn Street, Room 2600<br>Chicago, IL 60604-1705 |
| BMO Harris Bank<br>Attn: BRK-180-RC<br>770 N. Water St.<br>Milwaukee, WI 53202-0002 | BMO Harris Bank<br>Pob 6201<br>Carol Stream IL 60197-6201 |
| BMO Harris Bank N.A.<br>111 W. Monroe Street<br>PO Box 755<br>Chicago, IL 60690-0755 | BMO Harris Bank, N.A.<br>PO Box 660310<br>Sacramento, CA 95866-0310 |
| Bloomington Eye Inst<br>1008 North Center Street<br>Bloomington IL 61701-2778 | BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 |
| Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 | Discover Fin Svcs Llc<br>Po Box 15316<br>Wilmington, DE 19850-5316 |
| Herbolsheimer, Henson, Duncan, Gift<br>Attn: R. James Lannon, Jr.<br>654 1st Street<br>La Salle, IL 61301-2484 | Gailey Eye Clinic<br>1008 N. Main St<br>Bloomington IL 61701-1784 |
| Harris N. A.<br>BMO Harris Bank - Bankruptcy Dept.-Brk-1<br>770 N Water Street<br>Milwaukee, WI 53202-0002 | George Mueller<br>609 E. Etna Rd.<br>Ottawa, IL 61350-1071 |
| Kohls/Capone<br>N56 W 17000 Ridgewood Dr<br>Menomonee Falls, WI 53051-7096 | Mueller Anderson & Associates<br>Attn: George Mueller<br>609 East Etna Road<br>Ottawa, IL 61350-1071 |
| Jeriann Lamb<br>PO Box 2023<br>Ottawa, IL 61350 | Midstate Collection So<br>Po Box 3292<br>Champaign, IL 61826-3292 |
| Pedersen & Houpt<br>Bryan E Minier<br>161 N. Clark St., Suite 2700<br>Chicago, IL 60601-3241 | Nationwide Credit & Co<br>815 Commerce Dr Ste 270<br>Oak Brook, IL 60523-8852 |

| | |
|---|---|
| Lawrence D Fromelius<br>1713 N. 2479th Road<br>Ottawa, IL 61350-9359 | Terrence J. Benshoof<br>170 Spring Avenue<br>Glen Ellyn, IL 60137-4838 |
| Joel Levin<br>U.S. Attorney<br>219 S. Dearborn<br>5th Floor<br>Chicago, IL 60604-2029 | Jenn Meier<br>c/o LFI Properties, LLC<br>P.O. Box 3474<br>Lisle, IL 60532 |
| Eugene Bykhovsky<br>Bykhovsky Law LLC<br>4465 N. Oakland Ave., Suite 110<br>Shorewood, WI 53211-1662 | Nicole Vanda<br>1719 N. 2450th<br>Ottawa, IL 61350-9286 |
| Jeff Sessions<br>Attorney General of the U.S.<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530-0001 | Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Daniel Sharp<br>2600 Evergreen Cir.<br>McHenry, IL 60050-8020 | |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Lawrence D. Fromelius**, | Bankruptcy No. 15-22373 |
| Debtor. | Honorable Donald R. Cassling |

### DEBTOR'S MOTION TO SELL REAL ESTATE AT 1207 LISLE PLACE, LISLE, ILLINOIS

As sale of real estate free and clear of interests should be approved when the debtor has a sound business purpose for the sale. Lawrence Fromelius (the "Debtor") has received an offer to purchase real estate located at 1207 Lisle Place, Lisle, Illinois, (the "Lisle Property") for $240,000, and he wishes to accept that offer to generate funds to repay his creditors. The sale should therefore be approved.

### 1. BACKGROUND.

On June 29, 2015, the Debtor filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of his assets and is operating as a debtor in possession.

Under his proposed chapter 11 plan, which creditors have accepted and which the Debtor expects to be confirmed shortly, the Debtor intends to sell real estate to generate funds to pay his creditors. One of the parcels to be sold is the Lisle Property. The Debtor has received an offer to purchase the Lisle Property for $240,000. A copy of the contract is attached as Exhibit A. The Debtor now seeks authority from the Court to accept the offer and complete the sale.

{00095447}

## 2. DISCUSSION.

### 2.1. The sale should be approved because the Debtor has a sound business purpose for selling the Lisle Property.

A debtor-in-possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). A debtor's sale of its assets should be authorized pursuant to § 363(b)(1) of the Bankruptcy Code if a sound business purpose exists for doing so. *See, e.g.*, *In re Schipper*, 933 F. 2d 513, 515 (7th Cir. 1991); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983).

Once a debtor articulates a valid business justification for the sale of its assets, there "is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re S.N.A. Nut Co.*, 186 B.R. 98 (Bankr. N.D. Ill. 1995); *see also In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992); *Priddy v. Edelman*, 679 F. Supp. 1425, 1434 (E.D. Mich. 1988), *aff'd* 883 F.2d 438 (6th Cir. 1989) ("the 'business judgment rule' creates a presumption that directors have acted in accordance with their fiduciary obligations on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company"); *In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("a presumption of reasonableness attaches to a Debtor's management decisions").

Courts consider the several factors to determine whether a proposed sale is an exercise of a debtor's sound business judgment: (a) whether a sound business reason exists for the proposed sale; (b) whether fair and reasonable consideration is provided; (c) whether the sale has been proposed and negotiated in good faith; and (d) whether adequate and reasonable notice is provided. *In re Eng'g Prods. Co.*, 121 B.R. 246, 247–49 (Bankr. E.D. Wis. 1990).

The Debtor's proposed sale of the Lisle Property satisfies each of the *Engineering Products* factors. First, the Debtor has a sound business reason to sell the Lisle Property: to help fund his chapter 11 plan and repay creditors. Second, fair and reasonable consideration will be paid. The purchaser has offered $240,000 for the Lisle Property. This was the Debtor's asking price. The Debtor has marketed the Lisle Property through a broker and does not expect to receive a better offer. Third, the sale has been proposed and negotiated in good faith. The Debtor and the purchaser have engaged in negotiations and have agreed to the terms of a sale as set forth in the contract. The Debtor is not related in any way to the purchaser and will not receive any benefit from the sale other than the consideration being paid. Last, adequate notice of the sale will be provided. The Debtor sent notice of this motion and the proposed sale to all creditors and parties in interest.

Because the sale of the Lisle Property is an exercise of the Debtor's sound business judgment, the sale should be approved.

### 2.2. The sale should be free and clear of interests.

43.      A debtor-in-possession may sell estate assets free and clear of any interest in the asset only if:

> (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

Under this provision, the Debtor may sell the Lisle Property free and clear of all liens, claims, interests, and encumbrances, except for any liabilities specifically

assumed. To the best of the Debtor's knowledge, information, and belief, no entity claims an interest in the Lisle Property. To the extent an interest holder is discovered, the holder will be paid in full from the sale proceeds or its interest will attach to the proceeds of the Lisle Property. The sale will therefore comply with § 363(f), and the Court should approve the sale free and clear of all interests, with any interests attaching to the sale proceeds.

### 2.3. The parties are entitled to a good-faith finding under 11 U.S.C. § 363(m).

The reversal or modification on appeal of an authorization under § 363(b) of a sale of property does not affect the validity of the sale to an entity that purchased the property in good faith, unless the authorization and sale were stayed pending appeal. 11 U.S.C. § 363(m). Although the Bankruptcy Code does not define a "good faith" purchaser, courts have found that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbotts Dairies*, 788 F.2d 143, 147 (3d Cir. 1986). To constitute lack of good faith, a party's conduct must usually amount to "fraud, collusion between the purchaser and other bidders or the trustee or an attempt to take grossly unfair advantage of other bidders." *Id.* (*citing In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978)). *See also In re Bedford Springs Hotel, Inc.*, 99 B.R. 302, 305 (Bankr. W.D. Pa. 1989); *In re Perona Bros., Inc.*, 186 B.R. 833, 839 (D.N.J. 1995). Due to the absence of a bright line test for good faith, the determination is based on the facts of each case, concentrating on the "integrity of [an actor's] conduct during the sale proceedings." *In re Pisces Leasing Corp.*, 66 B.R. 671, 673 (E.D.N.Y. 1986) (*quoting Rock Indus.*, 572 F.2d at 1198).

In this case, the Debtor submits the buyer, Lilian Riedy, has acted in good faith with respect to the proposed sale and will continue to do so. The marketing process ensured that the buyer has offered the Debtor the value of the Lisle Property. Further, the Debtor and the buyer negotiated the terms of the offer at arms' length. There has been no collusion, and both parties have been clear from

the outset that the buyer's offer would be subject to Court approval. The Debtor therefore submits that the buyer is entitled to a good-faith finding under § 363(m).

**Wherefore**, the Debtor respectfully requests that the Court authorize the sale of the Lisle Property and grant such further relief as is appropriate in the circumstances.

Dated: July 18, 2017                                      Respectfully submitted,

**Lawrence D. Fromelius**

By: /s/ Jeffrey K. Paulsen
One of His Attorneys

William J. Factor (6205675)
Jeffrey K. Paulsen (6300528)
Z. James Liu (6313367)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:   (847) 574-8233
Email: jliu@wfactorlaw.com

{00095447}                                —5—